■ PETER J. CICERO et al., Respondents-Appellants, v. WILLIAM ZACCHEO et al., Appellants, and JAY R. LEVY, Respondent. (Action No. 1.) (And Other Titles.) — In consolidated actions for personal injuries arising from two automobile collisions, defendants William Zaccheo and Doris Zaccheo (in Actions Nos. 1, 3 and 4) appeal from an interlocutory judgment of the Supreme Court, Nassau County, entered July 6, 1973, after a jury trial, which determined that they and defendants Dennis G. and Steven Inks were liable to plaintiffs in Actions Nos. 1, 3 and 4 and which apportioned the percentage of fault in each of the three causes of action 60% to the Zaccheos and 40% to the Inks. Judgment reversed, on the law and in the interests of justice, and new trial ordered as to all parties in accordance herewith, with costs to abide the event. The consolidated actions arose from two different collisions occurring at an intersection in Nassau County, late on the night of June 12, 1970. The first collision was between a car driven by defendant William Zaccheo and a car driven by Jay Robert Levy. Approximately five minutes after this accident, the Levy vehicle, which had remained inoperable in a part of the roadway, was struck from the rear by a car driven by defendant Dennis G. Inks. As a result of this second collision, two persons standing in the vicinity, plaintiff Peter J. Cicero and plaintiff Patricia Ann Pirozzi, were injured. One of the crucial issues to be decided by the jury was whether the negligence, if any, which caused the first collision was also a factor contributing to the second collision. And the jury decided that Zaccheo was responsible for 60% of the damage which was caused by the second collision. However, the jury's finding may very well have been tainted by the following instruction which came at the conclusion of the trial court's charge: " If you find that a particular party was negligent in respect to the accident, he was negligent. If he was not negligent, he was not negligent in respect to all causes of action. In other words,

he cannot be negligent in one case and not negligent in another." This instruction, within the context of this trial, was clearly erroneous. In a proper attempt to instruct the jury to return a consistent verdict, the court also instructed, in effect, that an actor negligent as to the first collision must also be negligent as to the second collision. The court thereby improperly removed from the jury's consideration one of the basic questions of the trial. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.